NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 14 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASBIR KAUR KAUR; J. S. S.; A. K., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Attorney General, <br><br> Respondent. | No. 25-6953 <br><br> Agency Nos. <br> A245-940-451 <br> A245-940-453 <br> A245-940-454 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 12, 2026**
Reno, Nevada

Before: OWENS, FORREST, and VANDYKE, Circuit Judges.

Jasbir Kaur Kaur and her two minor children, natives and citizens of India,

petition for review of the Board of Immigration Appeals' ("BIA") decision

dismissing their appeal of an Immigration Judge's ("IJ") decision denying their

application for asylum, withholding of removal, and protection under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  Where, as here, the BIA incorporates the IJ's findings by citing *Burbano* and adds its own reasoning, we review both decisions.  *See Rudnitskyy v. Garland*, 82 F.4th 742, 746 (9th Cir. 2023).  "We review denials of asylum, withholding of removal, and CAT relief for substantial evidence."  *Ani v. Bondi*, 155 F.4th 1118, 1126 (9th Cir. 2025).  "We also review adverse credibility determinations for substantial evidence."  *Id.*  "Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Id.* (citation omitted).  As the parties are familiar with the facts, we do not recount them here.  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.  "The agency may deny asylum [and] withholding of removal . . . because it deems an applicant's testimony, under the totality of the circumstances, not to be credible, and the lack of credible testimony renders the applicant unable to meet her burden."  *Kalulu v. Bondi*, 128 F.4th 1009, 1014 (9th Cir. 2024).  In assessing an adverse credibility finding under the REAL ID Act, such as here, we "look to the 'totality of the circumstances[] and all relevant factors.'"  *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).  "Such factors include, but are not limited to, an applicant's 'demeanor, candor, or responsiveness' as well as the consistency between an applicant's statements and other evidence in the record."  *Iman v. Barr*, 972 F.3d 1058, 1065 (9th Cir. 2020)

(quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Here, the agency found Kaur not credible for numerous reasons. For example, Kaur voluntarily returned to India twice after the first incident. *See Loho v. Mukasey*, 531 F.3d 1016, 1018-19 (9th Cir. 2008) (holding that an applicant's voluntary return to their native country may be considered for an adverse credibility finding). In addition, the agency had concerns about the veracity of a medical record for Kaur's father's hospitalization following the alleged second incident. *See Dong v. Garland*, 50 F.4th 1291, 1300 (9th Cir. 2022) ("Although one suspect document is unlikely to constitute substantial evidence of adverse credibility on its own, under the totality of the circumstances, the BIA reasonably concluded that it supported the IJ's credibility determination."). Further, Kaur failed to challenge and therefore waived several other grounds relied upon by the IJ and adopted by the BIA. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (issues not specifically raised and argued in a party's opening brief are waived). Viewed as a whole, the record does not compel the conclusion that the agency erred in finding Kaur not credible.

2. "An adverse credibility determination is not necessarily a death knell to CAT protection." *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). But, to reverse the agency's denial of CAT protection where the petitioner is found not credible, "we would have to find that [other evidence] alone compelled the

conclusion that [the petitioner] is more likely than not to be tortured." *Id.* at 1048-49 (second alteration in original) (citation omitted). Kaur waived this issue by failing to make any specific and distinct argument that she is entitled to CAT protection based on other evidence. *Velasquez-Gaspar*, 976 F.3d at 1065.

**PETITION FOR REVIEW DENIED**.[1]

---

[1] The motion to stay removal (Dkt. No. 4) is denied.